# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

EDDIE BRINKLEY                                                                                                            PETITIONER
ADC #124373

v.                                                                   4:18cv00022-JM-JJV

BOWIE COUNTY, TEXAS                                                                                           RESPONDENT

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

## **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the Chief District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the Chief District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I.  INTRODUCTION

On October 15, 2013, Petitioner, Eddie Brinkley, was sentenced to 72 months in prison after pleading guilty to two counts of sexual assault in Pulaski County, Arkansas.  (Doc. No. 1-1.)  According to the Petition, in September 2017, Mr. Brinkley was transferred from an Arkansas Department of Correction prison to the Bowie County Correctional Center in Texarkana, Texas.  (Doc. No. 1 at 1-2.)  Mr. Brinkley filed the instant Petition with the United States District Court for the Eastern District of Texas on December 7, 2017.  He alleges his incarceration in the Texas prison is improper because he has not been convicted of a crime in the State of Texas.  The Eastern District of Texas thought it would be more appropriate to have the Petition adjudicated where Mr. Brinkley's conviction occurred, and transferred it to the Eastern District of Arkansas for analysis.  For the following reasons, I recommend the Petition be dismissed without prejudice.

## II.  ANALYSIS

Mr. Brinkley's Petition is meritless based upon the United States Supreme Court's decision in *Olim v. Wakinekona*, 461 U.S. 238 (1983).  The Court ruled that "[j]ust as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State." *Wakinekona*, 461 U.S. at 246.

Mr. Brinkley believes that prisoners can only be incarcerated in the state in which they have been convicted of a crime, indicating that Texas is a "state where Petitioner was not found guilty of a crime." This is simply not the case. He also cites to Article 17.151 of the Texas Code of Criminal Procedure, explaining this section "provides for the release of a defendant who is being held in jail pending trial if the state is not ready for trial." (Doc. No. 1 at 2.) However, Mr. Brinkley has elaborated exactly why this particular provision of the Texas code does not apply to his case — he is not being held in jail pending a trial. His trial and conviction occurred over twenty years prior, a fact confirmed by the sentencing documents included with his Petition. (Doc. No. 1-1.)

While Mr. Brinkley does vaguely make reference to the United States Constitution under Article IV, Section 2, Clause 3, nothing about this part of the Constitution applies to his case and is devoid of any factual basis to corroborate a claim that Mr. Brinkley is being incarcerated unconstitutionally. And Mr. Brinkley provides no authority to show that Arkansas prison regulations create a constitutionally protected liberty interest. Accordingly, Mr. Brinkley's Petition for Writ of Habeas Corpus should be DISMISSED.

### III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.   The Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED and the requested relief be DENIED.

DATED this 12th day of January, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE